# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DENISE SIMS JAMES**                                     **CIVIL ACTION**

**VERSUS**                                                          **NUMBER 10-579-SDD-RLB**

**STATE OF LOUISIANA, THROUGH**
**LOUISIANA STATE UNIVERSITY**

## ORDER

This matter is before the court on a referral from the district court of the defendant's "Motion for Sanctions/Contempt and/or to Dismiss Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)," filed on July 5, 2013 (rec. doc. 35) ("Motion for Sanctions").[1] For the reasons set forth below, the defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

## I.     Background

This suit was removed to federal court in September of 2010. The initial scheduling order established a deadline of December 30, 2010 for the parties to exchange the required initial disclosures (rec. doc. 7). The defendant timely provided those required disclosures (rec. doc. 8). The plaintiff, however, failed to do so. The defendant also served on the plaintiff interrogatories and requests for production of documents on March 29, 2011. The plaintiff failed to timely respond to those interrogatories or requests for production of documents. On June 23, 2011, the court conducted a telephone conference and was informed that the plaintiff had "recently filed for bankruptcy." (rec. doc. 10). There is no explanation in the record as to why the plaintiff

---

[1] The defendant moved for dismissal as a discovery sanction under Rule 37(b). Because the record does not support dismissal at this time, an order is being issued rather than a report and recommendation.

failed to comply with discovery obligations that were due months before – on December 30, 2010 (initial disclosures) or on April 28, 2011 (interrogatories and document requests).

The matter was stayed in 2011 and the stay was lifted on February 2, 2012 at plaintiff's request (rec. docs. 17 and 18).  Discovery related deadlines based on the submissions of the parties were imposed on February 7, 2012 (rec. doc. 20).  Although the deadline had already passed once, a new deadline for the exchange of initial disclosures was set for March 1, 2012.  All discovery was to be completed by November 30, 2012.  Although properly served once, the defendant reiterated the outstanding discovery requests on the plaintiff following the lifting of the stay (rec. doc. 21 ¶ 6).

On November 6, 2012, the defendant filed a motion to compel answers to interrogatories, the production of documents and the production of initial disclosures.  As contained in the motion to compel, the plaintiff had failed to comply with the court's deadline for exchanging initial disclosures and also failed to provide responses to interrogatories and requests for production of documents (rec. doc. 21).

While the motion to compel was pending, defendant filed multiple motions to extend discovery deadlines based on the plaintiff's continued failure to comply with her obligations.  Those extensions were granted (rec. docs. 23, 25, 32).

The plaintiff did not file any opposition to the motion to compel.  On May 2, 2013, the court granted the motion to compel and the plaintiff was ordered to provide the initial disclosures, answer the interrogatories, and produce responsive documents for inspecting and copying within 14 days, without objections (rec. doc. 31).  The plaintiff was also ordered to pay reasonable expenses in the amount of $250.

## II.    Failure to Comply with Court Order

On July 1, 2013, the defendant filed another motion to extend deadlines. According to the defendant, despite the court ordering the plaintiff to comply with the outstanding discovery obligations no later than May 16, 2013, plaintiff had still not done so. Attorney for the plaintiff advised the defendant that the documents would be produced within the week (rec. doc. 34). On July 5, 2013, the defendant filed the instant Motion for Sanctions due to the plaintiff's continued failure to provide the outstanding discovery (rec. doc. 35). The Motion requests that the plaintiff's claim be dismissed, that the court strike claims and prohibit the plaintiff from presenting documents, exhibits or evidence as it relates to damages, and/or that the plaintiff be held in contempt for failure to obey the court's order. No opposition has been filed to this Motion.

A telephone conference was held on July 11, 2013, during which the plaintiff represented that the outstanding documents were being compiled and that they would be provided to the defendant no later than July 17, 2013. Another extension of discovery deadlines was granted.

On August 1, 2013, the defendant filed a supplemental memorandum in support of the Motion for Sanctions (rec. doc. 41). The defendant contends that the plaintiff's responses to certain Interrogatories[2] as well as Requests for Production of Documents are inadequate and/or incomplete. In addition, some of the plaintiff's responses referenced attached documents that were not attached and although some documents were provided with the plaintiff's initial

---

[2] The defendant references Interrogatories 3 and 4. However, the document served on the plaintiff appears to have two entries labeled "Interrogatory Number Four." (rec. doc. 21-2). The defendant does not specify to which they are referring.

-3-

disclosures, the discovery responses were not supplemented to indicate whether these documents were responsive to all or any of the Requests for Production.

Based on the foregoing, the court finds that the plaintiff has violated the court's order compelling discovery that was issued on May 2, 2013. Some of those violations have persisted up to and including through August 1, 2013.

## III.     Analysis

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the imposition of sanctions for the failure to comply with a court order. A non-exclusive list of possible sanctions are included. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

The defendant asks that the plaintiff's claim be dismissed. The law governing dismissal as a sanction is well established. Under Rule 37(b), dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances. See, e.g., Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985) ("we have often characterized a dismissal with prejudice as a 'draconian' remedy, or a 'remedy of last resort' only to be applied in extreme circumstances"); Truck Treads, Inc. v. Armstrong Rubber Co., 818 F.2d 427, 430 (5th Cir. 1987) ("dismissal with prejudice is a severe sanction and should only be imposed in the most egregious cases"); Bluitt v. Arco Chem. Co., a Div. of Atl. Richfield Co., 777 F.2d 188, 190-91 (5th Cir. 1985) ("dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions" Id. at 190). Several factors must be present before a court may dismiss a party's case under Rule 37(b)(2). Dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith, not from an inability to comply, and is accompanied by a clear record of delay or contumacious conduct.

-4-

Dismissal is generally inappropriate where neglect is plainly attributable to an attorney rather than a blameless client. The conduct must substantially prejudice the opposing party. Finally, dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect of Rule 37. U.S. v. $49,000 Currency, 330 F.3d 371, 376 (5th Cir. 2003); F.D.I.C. v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

The extent to which the failure to obey the court's order and participate in discovery is directly attributable to the plaintiff is not clear. It is evident that certain responsive records would be accessible to the plaintiff individually and that it is her obligation of comply with the requests propounded on her. The plaintiff's attorney has made representations that discovery would be provided within a certain timeframe, presumably on behalf of his client, but the discovery was not so provided. In addition, certain information required as a part of the initial disclosures would presumably have been accessible to the plaintiff's attorney through his client at the time the lawsuit was filed but likewise was not timely provided. Whether this failure is attributable to the plaintiff or her counsel is not clear. Finally, the record contains unchallenged allegations that the plaintiff's attorney failed to return phone calls, respond to letters from opposing counsel, and failed to participate in scheduled telephone conferences (rec. doc. 8 at 2; rec. doc. 21 at 2).

Nevertheless, to the extent that the neglect is attributable to the client, dismissal is not yet warranted. The prejudice to the defendant has been mitigated by the court's granting of extensions as requested. At this juncture imposition of sanctions less severe than dismissal, such as prohibiting the plaintiff from supporting designated claims or defenses or from introducing designated matters into evidence under Rule 37(b)(2)(A)(ii), as well as ordering additional

-5-

payment of expenses under Rule 37(b)(2)(C), are likely to achieve the desired deterrent effect of Rule 37(b).

As an alternative to dismissal, the defendant requests sanctions in the form of prohibiting the plaintiff from offering evidence and/or presenting evidence related to damages. The defendant correctly points out that discovery related to damages has been the subject of the pending discovery requests.

The petition in this matter alleges the plaintiff suffered discrimination on the basis of her race in that, among other things, "various duties and responsibilities were being taken from [the plaintiff] and given to her white female counterpart" and also that she was not selected for a new position despite being more experienced than the same "white female counterpart." (rec. doc. 1-2 at ¶¶ 2-5). She alleges that she has suffered damages "which include, but are not limited to, unequal pay and wages, lost wages and benefits, loss of earning capacity, humiliation and embarrassment, severe emotional distress, and such other damages as will be more fully shown at trial and all for which Petitioner sues for herein." (rec. doc. 1-2 at ¶ 9). She also seeks "attorney's fees" and "litigation expenses" (rec. doc. 1-2 at ¶¶ 1, 13).

Interrogatories were served on the plaintiff in March of 2011 and the plaintiff failed to timely respond. They were reiterated following the lifting of the stay and the plaintiff failed to timely respond. The defendant filed a motion compelling responses. The plaintiff failed to respond to the motion to compel. The court granted the motion to compel and ordered the plaintiff to respond to the discovery by May 16, 2013. The plaintiff again failed to timely provide the discovery. The defendant filed the Motion for Sanctions. Only then did the plaintiff submit any responses. Even so, the defendant claims that these responses are still insufficient.

-6-

The discovery at issue concerns, among other things, the allegation of damages to the plaintiff. Interrogatory number 3, for example, requests an account of the losses and expenses claimed to have been incurred by the plaintiff, specifically with respect to some of the categories referenced in the petition. It also states that if "the amount of lost wages and/or income you claim includes anything other than salary, please state each item you include in your claim for this item and the amount you claim for each." (rec. doc. 21-2 at 2).[3]

Interrogatories are required to be answered "separately and fully." Fed. R. Civ. P. 33(b)(3). The plaintiff's untimely response was simply that "[t]he requested information is not available at this particular time. The plaintiff claims that she is legally entitled to an amount for her mental anguish that she has suffered." (rec. doc. 39-2). No explanation or response was given with respect to the remaining categories of damages.

The plaintiff's response is insufficient. There is no explanation as to why this information is not available "at this particular time" despite years since the suit was filed. There is no accounting or breakdown regarding any particular category of alleged damages other than a mention of mental anguish. Even that contains no information or response other than stating a legal conclusion. Even if the court were to determine, however, that the plaintiff's eventual responses to the discovery were sufficient, the repeated delays and violation of the court's order justify the imposition of sanctions.

The most appropriate action at this time is to preclude support for certain categories of damages. Based on the failure to properly answer the discovery and violation of the court's

---

[3] The Requests for Production of Documents would also encompass documents that go to the plaintiff's claims of damages inasmuch as they request documents that support the claims in the lawsuit or are identified in responses to the Interrogatories.

Case 3:10-cv-00579-SDD-RLB   Document 42   08/22/13   Page 7 of 9

order compelling her to do so, the plaintiff shall be precluded from presenting evidence in any form that supports a claim of lost benefits, loss of seniority, and also lost wages and/or income that includes anything <u>other than salary</u>.[4]

In addition, to the extent that the plaintiff's untimely discovery responses referenced attached documents that were not so attached, if responsive documents were later provided or if additional responsive documents have subsequently been located, the plaintiff is to specifically designate the particular documents request to which they pertain.  To the extent not covered above, any documents so provided in the untimely initial disclosures should likewise be designated if they also apply to any particular discovery request.

The plaintiff is warned that the failure to comply with this order or failure to meet any additional deadlines in violation of the scheduling order may result in the imposition of additional sanctions, including an order striking plaintiff's pleadings and dismissing this action with prejudice.

Pursuant to Rule 37(b)(2)(C), the defendant is awarded its reasonable costs and attorney's fees incurred in connection with the Motion for Sanctions.  The defendant shall have 14 days to submit such information and affidavits as may be needed to support an award.  The plaintiff shall then have 10 days after service to submit a response.  The issue of costs and attorney's fees will then be deemed submitted for a ruling.

---

[4] These are all categories specifically covered in Interrogatory number 3.

Case 3:10-cv-00579-SDD-RLB   Document 42   08/22/13   Page 8 of 9

## IV.    Conclusion

For the foregoing reasons, the defendant's Motion for Sanctions (rec. doc. 35) is

**GRANTED IN PART AND DENIED IN PART** as set forth herein.

Signed in Baton Rouge, Louisiana, on August 21, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case 3:10-cv-00579-SDD-RLB   Document 42   08/22/13   Page 9 of 9