# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DENISE SIMS JAMES

CIVIL ACTION

VERSUS

NO. 10-cv-00579-SDD-RLB

STATE OF LOUISIANA, THROUGH
LOUISIANA STATE UNIVERSITY

## RULING ON MOTION TO DISMISS
## FOR FAILURE TO COMPLY WITH COURT ORDERS

Before the Court is a *Motion to Dismiss for Failure to Comply with Court Orders*[1] filed on behalf of Defendant, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (hereinafter "Defendant"). The Motion is unopposed. For the following reasons, the Court GRANTS Defendant's Motion.

I.      **Procedural Background**

This employment discrimination case was removed to the United States District Court from the 19th Judicial District Court on September 2, 2010.[2] From June 23, 2011 until February 2, 2013, approximately eight (8) months, this case was stayed due to ongoing bankruptcy proceedings.[3] However, before and after the stay was lifted, Plaintiff, Denise Sims James, has continued to disregard Court orders regarding discovery deadlines. Defendant has responded by filing one (1) motion to compel and three (3) motions to extend the discovery and dispositive filing deadlines; notably, none of these motions were opposed.[4] In an effort to mitigate any prejudice against the

---

[1] Rec. Doc. 47.
[2] Rec. Doc. 1.
[3] See Rec. Docs. 10, 17, and 18.
[4] Rec. Doc. 21, *Motion to Compel Answers to Interrogatories and Requests for Production of Documents and Initial Disclosures;* Rec. Doc. 22, November 6, 2012, *Motion for Extension of Time* (Discovery and

Defendant, the Magistrate Judges granted these motions. Due to the Plaintiff's repetitive delays in the discovery process, Defendants have also made several requests that the Court issue sanctions against Plaintiff. Thus far, the Court has awarded sanctions on two occasions. On May 2, 2013, the Court awarded Defendant's reasonable expenses associated with its *Motion to Compel*.[5] Subsequently, on August 22, 2013, Magistrate Judge Bourgeois granted Defendant's *Motion for Sanctions* to the extent Defendant sought reasonable costs and attorney's fees incurred in connection with the filing of the motion.[6] Within the same ruling, Magistrate Judge Bourgeois ordered that "the plaintiff shall be precluded from presenting evidence in any form that supports a claim of lost benefits, loss of seniority, and also lost wages and/or income that includes anything other than salary" because the discovery responses she provided to Defendant were insufficient.[7] Magistrate Judge Bourgeois further "warned" Plaintiff "that the failure to comply with this order [August 22, 2013] or failure to meet any additional deadlines in violation of the scheduling order may result in the imposition of additional sanctions, including an order striking Plaintiff's pleadings and dismissing this action with prejudice."[8]

---

Dispositive Filing Deadline); Rec. Doc. 28, April 29, 2013, *Motion for Extension of Discovery Deadlines*; Rec. Doc. 34, July 1, 2013, *Motion to Extend Discovery Deadlines*. On September 27, 2013, Defendant filed an additional *Motion to Extend Deadlines* which is currently pending. (Rec. Doc. 48).

[5] Rec. Doc. 31.

[6] Rec. Doc. 42. Magistrate Judge Bourgeois granted in part and denied in part Defendant's motion. The Court denied dismissal of Plaintiff's action but precluded Plaintiff presenting evidence in any form that supports a claim of lost benefits, loss of seniority, and lost wages and/or income. The Court also awarded Defendant reasonable costs and attorney's fees incurred in connection with the *Motion for Sanctions*.

[7] Rec. Doc. 42. The Court noted that "some of the plaintiff's responses referenced attached documents that were not attached and, although some documents were provided with the plaintiff's initial disclosures, the discovery responses were not supplemented to indicate whether these documents were responsive to all or any of the Requests for Production. Based on the foregoing, the Court [found] that the plaintiff [had] violated the Court's *Order* compelling discovery that was issued on May 2, 2013. Some of those violations have persisted up to and including through August 1, 2013." Rec. Doc. 42, p. 4.

[8] Rec. Doc. 42.

DM No. 492                                                                2

On September 17, 2013, Defendant filed the pending motion contending that Plaintiff had yet to comply with Magistrate Judge Bourgeois' August 22, 2013 *Order* to supplement her discovery responses.[9] According to Defendant's motion, Defendant attempted to contact Plaintiff's counsel by letter on August 27, 2013 and September 9, 2013, requesting that Plaintiff supplement the discovery responses pursuant to the August 22, 2013 *Order* to no avail.[10] Defendant correctly notes that the discovery deadline and dispositive motion deadline have been extended multiple times already. Currently, the initial discovery deadline is set for September 30, 2013, and the dispositive motion filing deadline is set for October 31, 2013. Defendant contends that Plaintiff's failure to once again comply with the Court's discovery order is prejudicial to the Defendant.[11]

## II.   Applicable Law: Dismissal as Sanction Under Rule 37

Federal Rule of Civil Procedure 37(b)(2) authorizes a district court "to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order."[12] The Court has broad discretion under Rule 37.[13] The Fifth Circuit has explained that its duty on reviewing an appeal of a dismissal under Rule 37 is not to determine whether it would have "dismissed the action as an original matter, but whether the district court abused its discretion in so doing."[14] Therefore, the standard of review is abuse of

---

[9] Rec. Doc. 47.
[10] Rec. Doc. 47-2, Exhibits A and B.
[11] On September 27, 2013, Defendant requested that the discovery and dispositive deadlines be extended again due to Plaintiff's continued failure to comply with the deadlines previously set by the Court. Rec. Doc. 48.
[12] *Worrell v. Houston Can! Academy*, 424 Fed. Appx. 330, 335 (5th Cir. 2011)(quoting *Batson v. Neal Spelce Assocs., Inc.* 765 F.2d 511, 514 (5th Cir. 1985)).
[13] *Id.*
[14] *Id.* (citing *Batson v. Neal Spelce Assocs, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985)(citing *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, at 642 (1976)).

discretion and the Fifth Circuit "will not disturb the factual findings on which the district court based its decision unless they are clearly erroneous."[15]

Dismissal with prejudice is only authorized "when the failure to comply with the court's order results from willfulness or bad faith, and not from an inability to comply. "[D]ismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client."[16] Dismissal is also warranted when the refusal to comply is accompanied by a clear record of delay or contumacious conduct.[17]

A review of the record shows that Plaintiff's counsel, Otha Curtis Nelson, Sr., has submitted all of the filings in this matter and, more recently, participated on his client's behalf in the July 11, 2013 telephone conference with Magistrate Judge Bourgeois and Defense counsel regarding outstanding discovery issues.[18] Although the Court could once again extend the discovery deadlines, the Court finds that, based on the chronology of events (particularly over the past year), Plaintiff's counsel is unlikely to comply with a new deadline in spite of the Court's recent imposition of monetary sanctions and exclusion of potentially admissible evidence at trial. The Court further finds that it would be inappropriate to dismiss Plaintiff's complaint with prejudice,

---

[15] *Worrell v. Houston Can! Academy*, 424 Fed. Appx. 330, 335 (5th Cir. 2011).
[16] *Id.* at 336, citing *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989).
[17] *Worrell v. Houston Can! Academy*, 424 Fed. Appx. 330, 336 (5th Cir. 2011)(Where the United States Court of Appeals for the Fifth Circuit affirmed the district court's dismissal of Plaintiff's case with prejudice finding that record was rife with evidence showing that Plaintiff and her counsel "delayed the proceedings, missed deadlines, caused the other parties to incur needless expense, violated multiple orders from multiple courts, ignored the requirements of the rules of procedure, failed to respond to the reasonable inquiries of opposing counsel, and otherwise conducted themselves in a wholly inappropriate and unprofessional manner.")
[18] Rec. Doc. 37, July 11, 2013, *Minute Entry* regarding outstanding discovery.

because the record is devoid of any explanation or indication that these continuous delays with the Court's discovery deadlines may be attributable to the party-Plaintiff, Denise Sims James.

Therefore, the Court shall order that Mr. Otha Curtis Nelson, Sr., be barred from practicing in this Court for six (6) months and that Plaintiffs' *Complaint* be dismissed without prejudice for sixty (60) days to provide her with the opportunity to retain new counsel and move the Court to re-open her case.

### III. Conclusion

Accordingly, the Court **GRANTS** Defendant's *Motion to Dismiss for Failure to Comply with Court Orders*.[19] Plaintiff's *Complaint* is hereby DISMISSED WITHOUT PREJUDICE for sixty (60) days to allow the party-Plaintiff, Denise Sims James, the opportunity to retain new counsel and move to reopen her case.

The Court further orders that Plaintiff's Counsel, Otha Curtis Nelson, Sr., is hereby BARRED from practicing in the United States District Court for the Middle District of Louisiana for six (6) months from the date of entry of this *Order*. Upon the lapsing of the six (6) month period, Mr. Nelson may motion the Court to be reinstated in good standing.

Baton Rouge, Louisiana, this 9th day of October 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[19] Rec. Doc. 47.